**UNITED STATES DISTRICT AND BANKRUPTCY COURTS**
**FOR THE DISTRICT OF COLUMBIA**

**FILED**

**AUG 2 5 2014**

Clerk, U.S. District and
Bankruptcy Courts

Donald R. Thompson
114 E. Lee Street #9
Warrenton, VA 20186

VS.

Thompson, Cobb, Bazilio & Associates
1101 15th Street
Washington, DC  20036

Case: 1:14-cv-01459
Assigned To : Jackson, Ketanji Brown
Assign. Date : 8/25/2014
Description: Employ. Discrim.

JURY
DEMAND

## COMPLAINT

1. This is an action under title I of the Americans With Disabilities Act of 1990 , as
   amended (the "ADA"), and Title I of the Civil Rights Restoration  Act of 1991,
   to correct and remedy unlawful employment practices based upon disability, and
   to provide appropriate relief to Plaintiff Donald R. Thompson ("Plaintiff" or
   "Thompson") who was adversely affected by such practices.    Plaintiff alleges
   that Defendant, ("Thompson, Cobb, Bazilio  & Associates ") failed to consider or
   hire Thompson because of his disability, deafness and failed to even consider any
   type of accommodation whatsoever to that condition, in Defendants hiring or
   employment process.

Parties, Jurisdiction and Venue

2. At all relevant times herein, Plaintiff  Donald R. Thompson was and is an adult
   resident and domiciliary of the Common Wealth of Virginia

3. At all relevant times herein, Plaintiff was and is a citizen of the United States and
   a resident of Fairfax County, Virginia, and a deaf male.



RECEIVED
Mail Room

AUG - 8 2014

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

4. Jurisdiction if founded in this case upon 28 U.S.C 1331, and U.S.C. 12117(a) which incorporates by reference 42 U.S.C. 2000e-5(f) (1) and (3) pursuant to 42 U.S.C. 1981a

5. Upon information and belief, Defendant, Thompson, Cobb, Bazilio & Associates is a Limited Liability Partnership with primary offices in Washington D.C and Los Angles, and local offices in Torrance CA, Bowie MD, Atlanta GA, Hartford CT, and Philadelphia PA. The firm was founded in 1983 by its three named partners and has sixteen principals and directors, with support from a cadre of more then three hundred managerial, supervisory professional and consulting staff. At all times pertinent hereto, Thompson, Cobb and Bazilio was, is and has been an employer in an industry affecting commerce with more then twenty full time employees for each working day in twenty or more calendar workweeks in each relevant calendar year, and a covered entity under the definitions set forth in the ADA. However, Jeffery Thompson was forced to leave the firm in July 2012 because he was accused by federal prosecutors of spending $653,800 on a illicit shadow political campaign in violation of federal law, and Jeffery Thompson stepped down from leadership of the firm after there was a FBI raid on the firms offices and the home of the CEO. Thompson's 79% of the firm was bought by Ralph Bazilio and the firm now became know as Bazilio, Cobb and Associates, the Defendant is known as and/or Bazilio, Cobb, and Associates.

6. At all relevant times herein, Defendant has continuously been an employer within the meaning of 42 U.S.C 12111(5) and U.S.C 12111(7), which incorporates by reference 42 U.S.C. 2000e (g) and (h).

7. At all relevant times herein Defendant has been a covered entity within the meaning of 42 U.S.C. 12111(2).

8.  upon information and belief, a portion of the unlawful employment practices
    complained of herein occurred, and the employment records relevant to this
    matter are maintained and/or administered to this matter are maintained and/or
    administered within or from the District of Columbia where the Defendant has its
    office and where Plaintiff was interviewed and venue is proper in this District
    and Division pursuant to 42 U.S.C. 2000e-5(f)(3), as adopted by the terms of 42
    U.S.C. 121117(a) and 28 U.S.C. 1391(b) and (c).

Operative Facts

9.  More then thirty days prior to the initial filing of this action, Thompson filed a
    charge of Disability discrimination with the U.S. Equal Employment Opportunity
    Commission (EEOC) alleging violations of title I of the ADA by Defendant.   All
    conditions precedent to the institution of this lawsuit has been met.

10. As more specifically described below, in or around December  of 2007
    Defendant engaged in unlawful  employment practices when the defendant failed
    to hire, and refused to consider, Thompson because of his disability, deafness, in
    violation of 42 U.S.C 42 12112(a) and (b)(3).

11. At all times relevant herein, and for many years since he was a child, Thompson
    has suffered from a profound hearing impairment (deafness).   As a result,
    Thompson cannot hear noises and voices and sounds, and Thompson has, as a
    result, an affect as to how he speaks himself, both of which functions (hearing
    and spoken word) are major life activities.

12. Starting in December 2007 and before his unemployment benefits ended,
    Thompson began applying for various positions (auditor, audit manager,
    information technology auditor and federal financial auditor) using the internet
    and Maureen Smith, Executive Assistant at Thompson, Cobb, Bazilio and
    Associates contacted him on December 15th asking for an interview on December

18th with Marty Ferber, a Principal of Thompson, Cobb, Bazilio and Associates and he agreed to have that interview. On December 17th Maureen Smith (Executive Assistant) at Thompson, Cobb, Bazilio and associates in a email confirming his interview with Marty Ferber, Principal and Thompson, Cobb, Bazilio. Thompson arrived early for the interview and informed the interviewer (Marty Ferber) that he has a hearing handicap and would he speak so Thompson could understand. The interviewer (Marty Ferber terminated the interview rather then try to communicate with Thompson because he didn't want to hire a handicapped person Thompson called Maureen Smith on December 19th wanting to discuss the interview and Maureen Smith refused to talk with him, saying, the job had been filled and that he couldn't get a job with Thompson, Cobb, Bazilio and Associates. However, Maureen smith posted a opening for a Staff auditor on the internet and it continued to exist for the next 30 days Thompson, Cobb Bazilio posted other accounting jobs on the internet (junior and Senior accountant opportunities) and specifically said applicant must have a pleasant phone manners but they refused to consider Thompson because he has a hearing handicap. Marty Ferber, a principal at Defendant, Thompson, Cobb, Bazilio immediately stopped the interview when it became apparent to him that Thompson is deaf

13. Defendant's summary rejection and non-consideration of Thompson were directly related to Thompson's disability and his need to seek accommodations from Defendant for said condition.

14. Defendant, through its agents and employees, was aware of the Plaintiff's disabling condition, and his need for accommodation, as a result of such condition

15. Plaintiff was and is qualified for the auditing position for which he applied for with Defendant, despite his disability (whether actual, having a record of

disability, or being regarded as disabled since he satisfied the skill, experience and other job-related requirements for the position.

16. At all relevant times, Plaintiff was ready and able to perform the essential functions of the position applied for, and for which he interviewed, with Defendant with (or alternatively, with out) reasonable accommodations

17. Defendant, though Marty Ferber terminated its interview, and consideration of the Plaintiff, on account of the Defendant perception that Mr. Thompson suffered from a profound hearing impairment which would have to be accommodated and because Mr. Thompson did suffer from such a disability, as well as out of a stereotypical fear and speculation that a deaf person is incapable of performing valuable and competent work, in this case, audit work, and because of defendants' stereotypical view that employment of, working with, a deaf person, and/or the need for accommodation of a deaf person, would severely impaired defendants efficiency, accuracy, and/or work production, in performing said work

18. Defendant also terminated the interview of Mr Thompson because its agent, Marty Ferber perceived that Plaintiff was and is deaf and because Ferber thought that accommodation of said disability would be necessary, in order for Plaintiff to do the job, because Defendant knew Thompson might have to be accommodated in various way, in order to perform the work, which Ferber and Defendant did not want to do.

19. Defendant used Plaintiff's disability, whether actual, or through perception of his disability and/or his record of substantial impairment, as negative factors in consideration of Thompson's experience and qualifications, as well as in it's decision not to further process the Plaintiff's application for employment or hire him.

20. Defendant not only failed to reasonably accommodate Plaintiff's known disabilities, but instead made no effort whatsoever, once said disability became apparent, to engage in any type of interactive process or dialogue as to what accommodations could be made in the accommodate interview or hiring process on account of said disability, and instead acted upon it perception that it would be required to provide accommodations, or would be required to provide continued accommodations to Plaintiff's known disabilities or those disabilities as were perceived by the defendant, in the event Plaintiff were further considered, or hired.

21. Defendant exercised an effective qualification standard of being able to speak, and hear as a normal person, a qualification standard that necessarily has the effect of screening out deaf individuals, or a class of hearing impaired individuals, such as your plaintiff, where such a standard was, and is not necessary as a job-related requirement.

22. After said interview, Thompson attempted to follow up with Maureen Smith, Thompson. Cobb, Bazilio and Executive Assistant by telephone and she rejected the call, and so much as stated that Thompson was not to attempt to contact Thompson, Cobb, Bazillo further and hung up

23. upon information and belief, after the said interview of Plaintiff, the position Plaintiff applied for remained open for another month when Defendant finally staffed the position with someone who, up on information and belief suffered no type of disability, and who was, upon information and belief as qualified , and/or a less qualified, then Thompson, for said position

24. Defendant unlawfully failed to hire Thompson for the audit position because of Thompson's disability, in violation of U.S.C. 12112(a) (b)(1)and (b)(3).

25. The effect of these practices complained of above has been to deprive Thompson of equal employment opportunities because of his disability.

26. The Defendant entity's unlawful acts and practices described above were intentional and were performed with ill will towards the plaintiff and/or his disability, and/or reckless indifference to the Plaintiff's federally protected civil rights within the meaning of 5 102(b) of the Civil Rights Restoration Act of 1991, and such actions were taken under circumstances where the Defendant knew or should have known that it's actions, in of Thompson were grossly contrary to the federal rights of Thompson.

27. All actions taken by the Defendant and its agents and employee, as alleged herein were taken in the course of, and in furtherance of, and with in the scope of, their employment and/or engagement, for and on behalf of the Defendant entity

28. As a consequence of Defendants intentional discrimination based on disability, Plaintiff has suffered, and continues to suffer and will in the future suffer, emotional distress loss of sleep, anxiety, stress, embarrassment, mistrust of others, humiliation, pain, suffering, damage to reputation, and loss of enjoyment of life

29. As a direct and proximate consequence of Defendants actions, Plaintiff has lost wages and other financial incidents and benefits of employment, and will continue to suffer such losses.

30. As direct and proximate consequence of the Defendant entities' actions and/or omissions, Plaintiff has incurred, and will continue to incur, attorney's fees, costs and expenses.

31. On or about June 25, 2014 the EEOC issued and mailed to Plaintiff a Notice of Right to Sue with respect to said charge of discrimination, advising Plaintiff that he had ninety (90) days from the date of receipt of said Notice within which to institute his suit under the ADA.

Count One

(Discriminatory Refusal/Failure to Accommodate and Refusal to hire, in violation of the
Americans with Disabilities Act.42 U.S.C 12101 et seq.)

Prayer for Relief

Wherefore, Plaintiff Donald R. Thompson prays for Judgment against Defendant as
follows:

      (a)  Declaring that the acts and practices complained of herein are in
           violation of Plaintiff's rights secured by the Americans with
           Disabilities Act of 1990, 42 U.S.C. 121, et seq.;

      (b)  Ordering the Defendant to institute and carry out policies, practices
           and programs that provide equal employment opportunities for
           individuals with disabilities, and which eradicate the effect of its past
           and present unlawful employment practices:;

      (c)  Awarding a money judgment against the Defendant, to make
           Thompson whole, by providing for appropriate back pay with pre-
           judgment interest, in amounts to be determined at trial, and any other
           affirmative relief necessary to eradicate the effects of unlawful
           discrimination practices described above, including, but not limited to
           instatement, or front pay in lieu thereof;

      (d)  Awarding, in the form of a money judgment against Defendant,
           compensation to Thompson for past and future pecuniary losses
           resulting from the unlawful employment practices described above, in
           an amount to be determined at trial;

      (e)  Awarding, in the form of a money judgment against defendant,
           compensation to Thompson for past and future non-pecuniary losses
           resulting from unlawful employment practices complained of above,
           including but not limited to emotion pain, suffering loss of sleep,
           inconvenience loss of enjoyment of life, humiliation, loss of self-

esteem and loss of civil rights, in an amount to be determined at trial; and

(f)   Awarding in the form of a money judgment against Defendant, appropriate punitive damages, for Defendant's malicious and reckless conduct, as described above, in an amount to be determined by the jury at a trial

(g)   Awarding, in the form of a money judgment against Defendant, to plaintiff, his reasonable attorney's fees and costs incurred in this action, together with expert witness fees and expenses; and

(h)   Awarding an amount necessary to offset the adverse tax consequences of any award received in a lump sum;

(i)   Awarding Plaintiff post-judgment interest on any appropriate monetary awards; and

(j)   Ordering such other and further relief as is proper to the promise of law, equity, and the facts of this case

<u>Jury Demand</u>

Your Plaintiff hereby demands trial by jury as to all claims so trial able

Respectfully Submitted

Donald R Thompson

Donald Thompson
114 E Lee Street #9
Warrenton, VA 20186
540-347-1378
Thompson4a@gmail.com

## DISMISSAL AND NOTICE OF RIGHTS

To:  **Donald Thompson**
     **114 E. Lee Street, #9**
     **Warrenton, VA 20186**

From:  **Washington Field Office**
       **131 M Street, N.E.**
       **Suite 4NW02F**
       **Washington, DC 20507**

[ ] *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **570-2008-00384** | **Alan W. Anderson,**<br>**Enforcement Supervisor** | **(202) 419-0756** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEQC.

[ ]  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]  The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]  Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

*FOR* (signature)

**Mindy E. Weinstein,**
**Acting Director**

**JUN 2 5 2014**

*(Date Mailed)*

Enclosures(s)

cc:  **Marty Ferber**
     **Director, Human Resources**
     **THOMPSON, COBB, BAZILIO & ASSOCIATE**
     **1101 15th Street NW**
     **Washington, DC 20036**

RECEIVED
Mail Room

- 8 2014

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia